[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The captioned matter is plaintiff's action seeking a no-fault dissolution of the marriage between the parties.
1. The parties married on May 21, 1998 in New York, NY.
2. One of the parties has lived in New York for at least one year next preceeding the commencement of this action.
3. No minor children have been born to the plaintiff since the date of the marriage.
4. Neither the State of Connecticut, nor any of its political CT Page 9859 subdivisions have contributed to the support of either party.
5. The marriage is broken down irretrievably and there is no hope of reconciliation.
The marriage is dissolved on the grounds of irretrievable breakdown. To the extent the plaintiff's name had been changed, by force of law, her birth name of Pamela Lee Kohanowich is restored. No alimony is awarded to either party.
The defendant shall be delivered all right, title and interest in the oil paintings and the crystal chandelier which he brought to the relationship.
The plaintiff shall be delivered all right, title and interest in the 1985 BMW.
The defendant shall be delivered all right, title and interest in the 1993 Honda.
Each party shall be solely responsible for the liabilities reflected on the financial affidavit and shall hold the other party harmless.
Each party shall retain sole right, title and interest to the financial assets reflected on the financial affidavit, free of any claim from the other party.
The marital home, 5543 Main Street, Stratford, CT, shall be listed and sold immediately. Should there be any dispute about how to accomplish this, the matter is referred to family relations for mediation. The court maintains jurisdiction over the asset to implement the terms of this decision.
When sold, the proceeds, net after NORMAL costs of sale and the first mortgage, shall be divided equally between the parties.
The remaining household furnishings and antiques shall be divided equally by the parties. This process shall start by each party submitting to the other party a list of desired items. The parties shall then negotiate the items, if any, in dispute. Should the parties not be able to resolve certain items, the matter is referred to family relations for mediation.
The plaintiff's claim for a contempt finding related to the automatic orders is denied. It was OBVIOUSLY brought in bad faith since no credible evidence was produced to support the claim that the defendant caused the CT Page 9860 plaintiff to be removed from the coverage.
The court does, and must, look with great disfavor on the assertion of frivolous allegations of contemptuous behavior. In this matter, the defendant, reasonably, felt put to distress and proof on his non-violation of the order. Since it is plaintiff that unreasonably caused this, she is directed to pay defendant's attorney the sum of One Hundred ($100.00) Dollars for services in defending the claim.
While this is a very short term marriage, it is a long time relationship. The only credible evidence offered at trial led to the following conclusions:
1. The parties ALWAYS maintained a separate financial existence except in the acquisition of residences and contents for residences.
2. While one might undertake some complicated analysis of which party contributed which penny to the residence acquisition cycle, it would not equitably account for the full and mutual commitment of the parties to this acquisition process.
3. The marriage is almost a text-book classic of mutual fault (thus no-fault).
The plaintiff's testimony was that there was NO CHANGE in the defendant after the marriage. He continued the same behavior for the entire period of the relationship. She apparently thought that marriage would mean she could, by her own testimony, "change him." There is no such enforceable covenant in the nuptial contract. She also credibly testified that neither party has been communicative during the relationship and that this did not change as a result of solemnization.
Should any part of this decision lack complete implementation within ninety (90) days, the parties SHALL seek court intervention. Failure to pursue this decision SHALL be construed against the failing party.
DANIEL E. BRENNAN, JR., JUDGE